UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KOLALA VASUDEVA MURTHY, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 1:07-cv-1412-DFH-WTL |
| GORDON H. MANSFIELD, ACTING | ) |
| SECRETARY OF DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTION TO TRANSFER

Defendant's motion to transfer this action to the Central District of Illinois is hereby granted, pursuant to 28 U.S.C. § 1404(a).  The only connection to this district is that plaintiff resides here.  That is sufficient to permit venue here, see 28 U.S.C. § 1391, but the interests of justice and the convenience of the parties and witnesses weigh heavily in favor of transfer under § 1404(a).

Plaintiff alleges discrimination by the Department of Veterans Affairs in an employment decision at a Veterans Hospital in Danville, Illinois.  The majority of witnesses and documents are located in Danville.  On balance, a trial in Danville or even Urbana, Illinois would be much more convenient than a trial in Indianapolis.

Plaintiff's choice of venue is entitled to some deference, but not as much as plaintiff contends. The Seventh Circuit has noted that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); see also *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731 (7th Cir. 2003) ("strong presumption" in favor of plaintiff's choice of forum was overcome, and case was properly dismissed on grounds of forum non conveniens in favor of a Canadian proceeding); *FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir.1979) (trial court must give "some weight" to plaintiff's choice of forum).

In cases like this one, however, where the chosen venue bears no relationship to the case other than being the home base of the plaintiff, the plaintiff's choice is entitled to little weight. See *Heartland Packaging Corp. v. Sugar Foods Corp.*, 2007 WL 101815, *2 (S.D. Ind. Jan. 9, 2007) (granting transfer to Texas where claim arose, though plaintiff filed suit in Indiana); *Worldwide Financial LLP v. Kopko*, 2004 WL 771219, at *4 (S.D. Ind. March 18, 2004) (granting motion to transfer where Illinois was "clearly the center of gravity of the case"); *Aearo Co. v. Sungard Recovery Services, Inc.*, 2001 WL 619415, *2 (S.D. Ind. May 30, 2001) (granting transfer and collecting cases); *Alliance General Ins. Co. v. Deutsch, Kerrigan & Stiles, LLP*, 1999 WL 637205, at *1 (N.D. Ill. Aug. 16, 1999) (granting transfer and stating that "a claim having no substantive connection to a forum creates only a minimal preference (if any at all) for the plaintiff's choice

of forum"), citing *Chicago Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304

(7th Cir.1955) (finding that district court abused discretion by denying transfer;

appellate court issued writ of mandamus for transfer, and stated that deference

to plaintiff's freedom to select his own forum "has minimal value where none of the

conduct complained of occurred in the forum selected by the plaintiff").


The Clerk of the Court shall transfer this action to the United States District

Court for the Central District of Illinois.


So ordered.

Date:  January 18, 2008

_David F. Hamilton_
_____
DAVID F. HAMILTON,CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Arthur R. Baxter, Jr.
BAXTER JAMES & ROSE
arb@bjrlegal.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov